IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| MELISSA ENGLISH, *on behalf of A.E.*, | ) | CASE NO. 1:18-CV-00886-WHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Melissa English on behalf of minor A.E. under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2] Because the ALJ's no disability finding lacks the support of substantial evidence, this matter is reversed and remanded for further administrative proceedings consistent with this opinion.

## Issue Presented

This case presents the following issue for review:

- The ALJ gave great weight to the opinion of Dr. Marcia Troese, a consulting examiner.[3] Dr. Troese's opinion spoke in terms of areas of functioning, not the six domains set forth in the regulations.[4] The ALJ made no effort to analyze how Dr. Troese's observations, test findings, or recommendations relate to

---

[1] ECF No. 12. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10, Transcript ("Tr.") at 16.
[4] *Id.* at 400-15.

degrees of limitation in the relevant domains.[5] Does substantial evidence support the ALJ's determination that A.E. has less than marked limitations in the domains of acquiring and using information and in attending and completing tasks?

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[5] *Id.* at 14-22.
[6] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

2

Commissioner survives "a directed verdict" and wins.[7] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

The state agency reviewing sources opined on initial review that A.E. had less than marked limitations in the first three domains and no limitations in the last three domains.[9] The ALJ gave these opinions partial weight, as they were not based on a review of the entire medical record, and they were issued by non-examining sources.[10] On reconsideration, the state agency sources found A.E. had less than marked limitations in all but one domain.[11] The ALJ again assigned partial weight to these opinions, as the state agency sources had not examined A.E. and they did not have the benefit of the testimony presented at the hearing.[12]

Dr. Troese conducted a comprehensive evaluation of A.E. over the course of three days, including testing, on a referral from Ohio Guidestone.[13] Following that evaluation, Dr. Troese issued a thorough and complex written opinion regarding A.E.'s current levels

---

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[9] Tr. at 67-68.
[10] *Id.* at 15.
[11] *Id.* at 77-79.
[12] *Id.* at 15-16.
[13] *Id.* at 401.

3

of functioning and treatment needs.[14] The report does not speak in terms of the Social Security Administration's regulatory domains for determining disability in children between six and 12 years of age.[15] Rather, Dr. Troese's report speaks in areas of functioning: cognitive; adaptive; executive; and social-emotional.[16] The report then made recommendations moving forward.[17] Dr. Troese's opinion post-dated the opinions of the state agency reviewing sources.[18]

The ALJ assigned great weight to Dr. Troese's opinion – or at least to the extent it was consistent with the ALJ's decision.[19] The ALJ provided one sentence in support of that decision.[20] The ALJ acknowledged that Dr. Troese is an expert in her field and had examined A.E. The ALJ provided no explanation as to how Dr. Troese's findings and recommendations relate to the relevant domains. In discussing the relevant domains, the ALJ acknowledged Dr. Troese's report as evidence of A.E.'s limitations regarding the domains but did not otherwise discuss or analyze it.[21]

Given the format and the context of Dr. Troese's report, the information and findings contained within it constitute "raw" medical/psychiatric data that the ALJ cannot interpret – let alone convert from areas of functioning into the six specific regulatory

---

[14] *Id.* at 400-15.
[15] *Id.* at 403-09.
[16] *Id.*
[17] *Id.* at 410-13.
[18] *Id.* at 68, 78-79, 401.
[19] *Id.* at 16.
[20] *Id.*
[21] *Id.* at 17-18.

4

domains – without the opinion of a medical expert. The ALJ may be right or wrong, but remand is necessary for Dr. Troese's findings to be interpreted within the framework of the relevant regulatory domains.

## Conclusion

The ALJ's no disability finding lacks substantial evidence. This matter is reversed and remanded for further administrative proceedings consistent with this opinion. On remand, the ALJ must interpret Dr. Troese's findings within the framework of the relevant regulatory domains with the assistance of a medical expert.

IT IS SO ORDERED.

Dated: June 4, 2019　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge